Hon. John L. Rizzo Genesee County Attorney
You have requested an opinion whether a Genesee County legislator may at the same time hold the position of village attorney for a village in Genesee County.
We do not know what the county charter or local law creating the Genesee County Legislature and the offices of county legislator contain, if anything, in relation to multiple office-holding by Genesee County legislators. Our conclusion is subject to any such provision and the existence of the provisions in local codes of ethics. It is also subject to a ruling by a local board of ethics, if one has been established. We assume there is no such ruling.
There is no bar to one individual's simultaneously holding two public positions unless in relation to one or both of them, there is a constitutional or statutory prohibition. We know of none. Another bar would be that the two positions are incompatible. The standard and accepted description of incompatibility appears in Peo ex rel. Ryan vGreen, 58 N.Y. 295 (1874), which provides:
 "The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one toward the incumbent of the other. * * * The offices must subordinate one to the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law * * *".
In our opinion, the same person simultaneously may be a Genesee County legislator and village attorney of a village located in that county because the functions of the two positions do not bear such a relation to one another as to fall within the description of incompatibility contained in the Ryan case. We recognize that a problem of advocacy of divergent positions might arise in a situation such as under General Municipal Law, §§ 119-m, 119-n, and 119-o (Municipal Cooperation), but it is neither inevitable nor even probable that a cooperation agreement would be the subject of contemplation by the county and the village. We do not consider the mere possibility of a conflict to be sufficient to constitute a bar under the above case to the holding of the two positions. If a situation does arise which would require a choice by the individual between divergent interests, the individual would have to disqualify himself from acting in either capacity.